Matthew E. Roston (SBN 265944)
Roston Law Group
9454 Wilshire Blvd., Suite 850
Beverly Hills, CA 90212
Email: matt@rostonlegal.com
Telephone:    (310) 550-6221
Facsimile     (310) 246-0305

Attorneys for Petitioner
HERGUAN UNIVERSITY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERGUAN UNIVERSITY | Case No. |
| Plaintiffs, | COMPLAINT |
| v. | SUIT FOR DECLARATORY JUDGMENT PURSUANT |
| IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), AND STUDENT AND EXCHANGE VISITOR PROGRAM (SEVP) AND DOES 1 THROUGH 10 | 28 U.S.C. 2201, et seq., JUDICIAL REVIEW UNDER THE ADMINISTRA-TIVE PROCEDURE ACT 5 U.S.C. 701, et seq., WRIT IN THE NATURE OF MANDAMUS PURSUANT TO |
| Defendants, | 28 U.S.C. 1361, AND VIOLATION OF EQUAL PROTECTION |

**INTRODUCTION**

**STATEMENT OF CASE**

1. This is an action for Declaratory Judgment and Judicial Review under The Declaratory Judgment Act, 28 U.S.C. 2201, et seq., The Administrative Procedure Act ("APA) 5 U.S.C. 701, et seq. , and Writ in the Nature of Mandamus, 28 U.S.C. 1361.

2. In order to enroll foreign students, a school must file an I-17 petition and receive approval from SEVP. In the event SEVP wishes to cancel an already approved I-17, it must first issue a

Notice of Intent to withdraw the I-17 ("NOIW"). The school may then respond and if SEVP believes the NOIW is justified then a Withdrawal on Notice ("WON") is issued whereby the I-17 is cancelled if no appeal is filed. If an administrative appeal is filed, SEVP issues its final administrative decision not subject to any further administrative appeals.

3. This action is in response to Defendant SEVP's final administrative appellate decision of September 1, 2016, wherein SEVP upheld the WON decision of Timothy T. Hicks[1] against Plaintiff HERGUAN, dated June 13, 2016, upholding the NOIW, issued on November 9, 2015. See EXHIBIT '1' (Decision of September 1, 2016). The present WON was issued after a previous WON, dated March 31, 2015, upholding a NOIW issued August 12, 2012, was not upheld by SEVP on appeal. See EXHIBIT '2' (SEVP decision of July 7, 2015). Instead SEVP remanded the matter back for a decision on the impact of former HERGUAN CEO Jerry Wang's ("Wang") conviction[2] on the school, claiming this was a new fact to be considered. See EXHIBIT '2'. This remand issued notwithstanding the fact that Wang has not been associated in any way with the school since 2012, and his, arrest, indictment, and conviction were participated and in and facilitated by the very SEVP officers involved in the NOIW and WON that are before this Court.

**STATEMENT OF FACTUAL HISTORY**

4. On or about February 14, 2008, Herguan's I-17 petition was approved and was certified by SEVP to issue Forms 1-20 for F-1 immigrant visas.

5. On or about November 17, 2010, SEVP representatives conducted a site visit at

---

[1]Chief, Analysis and Operations Center, SEVP, Homeland Security Investigations, ICE. Previously, Susanna Warner occupied this position and is now a defendant along with her subordinate Jason Kanno in a separate but related Bivens action detailed below.

[2]Mr. Wang pled guilty, after a plea agreement, of violating 18 U.S.C. 1001 (making a false statement to a federal officer), on April 9, 2015.

Herguan. Suspicious of SEVP violations, SEVP began an investigation and served Plaintiff with a request for evidence. Defendants Warner and Kanno served as SEVP's lead officers.

6. After Plaintiff responded to SEVP's request for evidence, SEVP, by way of Warner and Kanno, served Plaintiff with a request for student records on or about April 20, 2011.

7. In furtherance of SEVP's investigation of Herguan, SEVP served Herguan with an additional request for evidence on December 13, 2011.

8. On or about August 2, 2012, SEVP, by way of Warner and Kanno, issued Herguan with a Notice of Intent to Withdraw Herguan's certificate to issue F-1 visas in connection with its investigation that started in November 2010. At the same time, SEVP removed Herguan's Principal Designated School Official ("PDSO") Jerry Wang. On this same date, Mr. Wang was arrested and charged with violating his status as a PDSO. Kanno personally participated in Wang's arrest and used the arrest to obtain more information and documents about Herguan. Kanno reported to Warner and together they sought to close down Herguan's operations.

9. On or about September 18, 2012, Herguan's SEVP certification was withdrawn.

10. On or about October 2012, SEVP rescinded its withdrawal of Herguan's SEVP certification.

11. Thereafter, Herguan continued to issue F-1 visas to immigrant students. Herguan continued to seek re-certification from SEVP, which SEVP continued to tacitly approve. However, SEVP, until termination of HERGUAN's I-17 petition, continued to block HERGUAN from upgrading its I-17 status and did not allow it to add new courses and degree programs.

12. On or about March 31, 2015, SEVP, by way of Warner and Kanno, again withdrew Herguan's certification. The basis of the withdrawal consisted of the same allegations that formed SEVP's August 2, 2012 notice of withdrawal two and a half years earlier. The March 2015

withdrawal did not contain any new factual allegations against Herguan, and instead consisted of the same alleged that occurred four and a half years prior. After the August 2, 2012 notice of intent to withdraw, SEVP had continued to monitor Herguan's activities and had not notified Herguan of any new violations. To the contrary, Herguan was a prospering, growing academic institution with increased enrollment and course work. Notwithstanding this, Kanno and Warner kept trying to harm Herguan beginning as early as 2011, by contacting accreditation organizations and attempting to have Herguan lose its accreditation by lying about Herguan. They also constantly contacted the media with false stories indicating Herguan was a visa mill for foreign students and not a real university. One such story appeared in Buzz Feed in 2015. See EXHIBIT '3' (Bivens action against Warner and Kanno).

13. On or about April 9, 2015, Mr. Wang pleaded guilty to 18 U.S.C. 1001 (making a false statement to a federal officer). The false statement concerned access to SEVIS. Mr. Wang did NOT plead guilty to visa fraud nor did he include it in the factual basis soliloquy before the Court. However, in Mr. Wang's written plea agreement - not presented to the Court at the plea hearing, there was a statement that he had engaged in unspecified visa fraud with unspecified persons working at Herguan while its PDSO four an a half years earlier in December of 2010.

14. On or about April 15, 2015, Herguan appealed the withdrawal of its certification.

15. On or about July 7, 2015, SEVP remanded the withdrawal. As a result, Herguan was permitted to continue issuing F-1 visas.

16. Almost a year later on June 13, 2016, SEVP again withdrew Herguan's certification. The withdrawal did not consist of any new allegations against Herguan. See EXHIBIT '4' (WON of June 13, 2016). The factual allegations supporting the August 2012 and March 2015 withdrawals were no longer included. Instead, the sole basis for the withdrawal was that Mr. Wang had pled

- 4 -

guilty to 18 U.S.C. 1001 for an act that occurred almost six years earlier.  **No such allegations were ever asserted against HERGUAN**.

17.   In July 2015, SEVP released their internal e-mails in connection with their ongoing investigation of Herguan starting in 2010.  The e-mails reflect a clear agenda to ruin and destroy Herguan at all costs.  E-mails reflect that in 2011, before SEVP's first withdrawal of certification was issued in August 2012,  SEVP, Warner and Kanno attempted to conspire with and reach out to accrediting agencies to revoke Herguan's accreditations in an attempt to shut down the university.  See EXHIBIT '3' with attached Exhibit "A."

18.   SEVP, Warner and Kanno's e-mails also reveal a racist agenda to shut down Asian owned and operated SEVP certified universities such as Herguan.  The e-mails reflect that Herguan was routinely referred to in a derogatory fashion by SEVP officers as "the Chinese."  See EXHIBIT '3' with attached Exhibit "B."

19.   SEVP, Warner and Kanno's e-mails further reveal that an unauthorized Herguan representative leaked confidential communications between Herguan representatives and Herguan's attorneys to Kanno.  Instead of rejecting receipt of such privileged communications, as required by law, Kanno relied on and disseminated the privileged communications in furtherance of his agenda to ruin Herguan.  See EXHIBIT '3' with attached Exhibit "C."  Additionally, Kanno and SEVP's interception of Herguan's confidential attorney client communications was in total violation of the Electronic Communications Privacy Act of 1986 ("ECPA").

20.   As a result of the misconduct detailed above by the SEVP Analysis and Operations Center Chief Warner and Officer Kanno, a Federal District Court lawsuit has been filed for constitutional violations and privacy against Ms. Warner and Mr. Kanno.  See EXHIBIT '3'.  Additionally, complaints were also filed with the Office of the Inspector General of DHS, and the

Office for Civil Rights and Civil Liberties (CRCL) of DHS. For these reasons, HERGUAN, in its administrative process, requested that SEVP exclude Warner and Kanno from actions in connection with this WON or any other matter concerning HERGUAN. Their participation would be a gross conflict of interest and a violation of HERGUAN's due process rights to a fair and impartial appeal.[3]

## JURISDICTION AND VENUE

21. This court has jurisdiction of this action pursuant to 28 U.S.C. § 2201, et seq., 5 U.S.C. 701, et seq., 28 U.S.C. 1361, 28 U.S.C. 1331, and this action is timely under 28 U.S.C. § 2401.

22. Venue is proper under 28 U.S.C. §1391(a) in that Plaintiffs reside in this district.

## PARTIES

23. Plaintiff, HERGUAN UNIVERSITY is an accredited school of higher learning which accords graduate degrees to its students.[4] It is authorized by ICE based on approval of its I-17 petition, to issue I-20 forms for foreign students to obtain F-1 visas for the purpose of studying at it.

24. Defendant, IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) is a federal agency responsible for administering the laws of Congress as to foreign students in schools authorized to issue I-20 forms upon the approval of I-17 petitions for benefits under the INA and is

---

[3] It is unclear at this time if the present Chief, Mr. Hicks (then Ms. Warner's deputy), played any part in these alleged violations detailed in the lawsuit and complaints to OIG and CRCL. However, his very presence in this matter raises substantial issues involving bias, prejudice, and conflict of interest.

[4] Plaintiff is an applicant for accreditation and has been actively seeking it. Accreditation is given by a private non-governmental body based on criteria developed by that body. Pursuant to SEVP regulations, an accredited school does not need proof of acceptance of its courses by three different sources as do unaccredited schools.

the parent body of the Student and Exchange Visitor Program (SEVP).

25. Defendant SEVP is a unit of ICE, the federal agency responsible for administering the laws of Congress as to the approval or denial of I-17 petitions.

### FIRST CAUSE OF ACTION AGAINST ICE AND SEVP

### JUDICIAL REVIEW UNDER THE APA AS TO

### THE DECISION OF SEPTEMBER 1, 2016

### CONCERNING THE I-17 STATUS OF HERGUAN UNIVERSITY

26. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 25 above.

27. Defendants' decision of September 1, 2016, is a final administrative decision and there are no further administrative appeals.

28. Plaintiff requests this Honorable Court to find this decision contrary to law and to order Defendants to rescind its WON of HERGUAN's I-17 status.

### SECOND CAUSE OF ACTION AGAINST ICE AND SEVP

### RELIEF REQUESTED UNDER THE DECLARATORY JUDGEMENT

### ACT SEEKING REINSTATEMENT OF HERGUAN'S

### I-17 PETITION AND A DECLARATION THAT

### DEFENDANTS' ACTIONS WERE UNLAWFUL

29. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 28 above.

30. HERGUAN's I-17 petition has been terminated by Defendant SEVP and has been

ordered to cease all operations concerning foreign students by January 11, 2017, as its SEVIS access will be discontinued.  With SEVIS access no foreign student can study at HERGUAN.  See EXHIBIT '5' (SEVIS access termination letter of October 6, 2016).

31.  Plaintiff HERGUAN seeks a declaration from this Honorable Court that Defendants' actions in terminating HERGUAN's I-17 and denying it access to SEVIS are erroneous and contrary to law and that its I-17 status should be reinstated and SEVIS access continued beyond January 11, 2017.

32.  Plaintiff HERGUAN further seeks a declaration from this Honorable Court that Defendants' actions in failing to upgrade HERGUAN's I-17 petition to include new courses and degree programs is erroneous and contrary to law.

**THIRD CAUSE OF ACTION AGAINST ICE AND SEVP**

**JUDICIAL REVIEW UNDER A WRIT IN THE**

**NATURE OF MANDAMUS**

33.  Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 31 above.

34.  Defendants' actions in delaying HERGUAN from upgrading its I-17 petition to include new courses and degree programs is beyond the normal processing time for such upgrades. HERGUAN seeks this Honorable Court's order mandating SEVP to adjudicate HERGUAN's multiple upgrade requests which were initiate in 2010.

//

//

//

## FOURTH CAUSE OF ACTION AGAINST ICE AND SEVP

## VIOLATION OF EQUAL PROTECTION

34. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 33 above.

35. Kanno and Warner are officers of SEVP and work for ICE in their official capacities. Defendants' are responsible for Kanno's and Warner's actions under the doctrine of respondeat superior. Hicks is also an officer of SEVP and works for ICE in his official capacity.

36. Louis M. Farrell is Director of SEVP and works for ICE in his official capacity and oversees Hicks, Warner and Kanno.

37. Kanno and Warner singled out HERGUAN as being the "Chinese" university and specifically implying that the ethnicity of its owners (Chinese) was a detrimental attribute and subject to more severe treatment including closure of the school. Hicks accepted Kanno's and Warner's findings and Farrell ratified them by remanding the matter back to them to consider Jerry Wang's conviction. Farrell did so knowing that this information was not new nor dispositive as to HERGUAN since the acts of Wang occurred in 2010 and 2011, more than six (6) years ago, and that HERGUAN was not a party to his misconduct and never accused of this type of misconduct.

38. The remand which culminated in the WON being upheld on September 1, 2016, was based on HERGUAN's owners' ethnicity and not on the merits of the case. Had the case been decided solely on its merits the WON would not have been upheld and the appeal would have been sustained. Instead, HERGUAN was treated differently and its equal protection was violated.

39. Kanno's and Warner's use of confidential emails between HERGUAN and its counsel also violated its equal protection in that other parties seeking to have their I-17 continued do not have their email stolen and hacked. This treatment changed the course of how HERGUAN's I-17 was

reviewed and adjudicated.

**PRAYER FOR RELIEF**

40. The Plaintiff respectfully requests this court:

a) To enter judgement in the favor of Plaintiff against the Defendants, finding the acts of the Defendants complained of herein as a violation of law, and order that Defendants' rescind the WON of HERGUAN's I-17 and upgrade HERGUAN's I-17 with regard to new courses and degree programs.

b) To enter judgement in favor of Plaintiff against the Defendants and order the Defendants to pay to Plaintiff all attorney fees and costs incurred herein.

c) To grant all other relief as law and justice may require and may be appropriate.

Respectfully Submitted,

Dated: November 16, 2016

                                                  /s/ Matthew E. Roston
MATTHEW E. ROSTON
Attorney for Plaintiff
HERGUAN UNIVERSITY